The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider the evidence. Therefore, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All the parties are properly before the Commission and the Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Defendant-employer is an approved self-insured for workers compensation purposes.
4. Plaintiffs average weekly wage will be determined from a Form 22 to be provided by defendant-employer
5. Plaintiffs date of alleged injury by accident is October 1, 1997.
6. The issues to be determined from the hearing before the Deputy Commissioner were:
 a. Whether plaintiff sustained an injury by accident on October 1, 1997, while in the course and scope of his employment with defendant-employer?
 b. If so, what, if any, workers compensation benefits is plaintiff entitled to receive as a result of the injuries sustained?
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and makes the following findings of fact
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a fifty-one year old who completed the eighth grade and began the ninth grade.
2. Prior to October 1, 1997, plaintiff had worked for the City of Dunn for approximately twenty-three years. As of October 1, 1997, plaintiff worked as a laborer in the Public Works Department. Plaintiffs immediate supervisor was Ricky Warren. Ricky Warrens supervisor was Ronald Dale Autry, Public Works Director for the City of Dunn.
3. In January of 1995, prior to the alleged injury of October 1, 1997, plaintiff began treating with Dr. Jennifer Seddon for back and left leg pain. Plaintiff continued to treat with Dr. Seddon intermittently for similar symptoms during 1995, 1996, and 1997.
4. In 1996, Dr. Seddon referred plaintiff to Dr. Charles Matthews, a neurologist. Dr. Matthews recommended a lumbar MRI which revealed a herniated disc at L4-5.
5. Plaintiff contends that he injured his back on October 1, 1997 in the course and scope of his employment with defendant-employer while lifting a pump. However, although plaintiff was scheduled to treat with Dr. Seddon on October 2, 1997 for a follow-up of tendinitis of the left elbow, plaintiff did not attend this appointment. Nevertheless, plaintiff did treat with Dr. Seddon on October 6, 1997 for tendinitis. Significantly, plaintiff made no mention of a back injury allegedly occurring 5 days earlier. Furthermore, plaintiff again missed another appointment scheduled on October 20, 1997.
6. Plaintiff next treated with Dr. Seddon on October 28, 1997. Although plaintiff complained of low back pain that had existed for two weeks, plaintiff specifically reported to Dr. Seddon that he had not suffered any recent injuries. Dr. Seddon believed that plaintiffs complaints were related to the herniated disc diagnosed in 1996. Plaintiff returned to Dr. Seddon on November 18, 1997 continuing to complain of low back pain with radicular symptoms. Plaintiff again gave no history of a work-related injury. Dr. Seddon referred plaintiff to Dr. Allen for a surgical consultation.
7. Dr. Allen first treated plaintiff on November 24, 1997. Plaintiff indicated to Dr. Allen that he had suffered from back and left leg symptoms for approximately three months. Dr. Allen recommended an MRI which showed a disc herniation and lateral recess stenosis at L4-5 which is consistent with the 1996 MRI taken prior to the alleged injury. Dr. Allen performed a left L4-5 partial hemilaminectomy and decompression of lateral recess stenosis and lateral disc herniation on plaintiff on January 9, 1998.
8. On February 26, 1998, after his surgery, plaintiff entered Ronald Autrys office, told Mr. Autry that his vacation and sick time was almost depleted, and asked whether he could file for workers compensation. Plaintiff did not report or discuss a work-related injury. Mr. Autry told plaintiff that he would have to see the City Clerk, Joyce Valley. Plaintiff saw Ms. Valley and then reported back to Mr. Autrys office to fill out an accident report. Plaintiff then visited with Lisa Daniel, assistant to Mr. Autry, who helped plaintiff fill out a Report of Injury. The Report of Injury plaintiff filled out indicated a date of injury in November of 1997. Mr. Autry pointed out to plaintiff that the date plaintiff had picked was a date after which Dr. Allen had recommended surgery. Therefore, plaintiff returned to Ms. Daniel, reviewed his work history, and selected October 1, 1997 for his date of injury. Plaintiff selected this date because he was out of work on October 2, 1997 and October 3, 1997. Plaintiff told Ms. Daniel to type October 1, 1997 on the revised Report of Injury. Plaintiff had not reported any injury to Mr. Autry, Ms. Daniel, or Ms. Valley until this time.
9. Dr. Allen released plaintiff with a thirty-pound weight restriction on March 18, 1998. Thereafter, on May 8, 1998, Dr. Allen released plaintiff to return to work at his regular job which Dr. Allen understood to be lifting of up to fifty pounds without assistance.
10. After being released by Dr. Allen, plaintiff later treated at the Pain Management Center at Cape Fear Valley Medical Center. During this treatment, plaintiff magnified his symptoms and complained of pain equivalent to that of a person suffering from a broken leg. Plaintiff self-limited his activities when under observation, but showed considerably fewer limitations when not under observation. Furthermore, plaintiff stated on a pain questionnaire completed on July 29, 1998 that he had suffered from back pain for eighteen months. Finally, a September 10, 1998 medical record documents plaintiffs statement that his injury occurred in November of 1997 when he was picking up fire hydrants and fire hydrant valves.
11. At no time during Dr. Seddons treatment of plaintiff did plaintiff mention a work-related back injury. Furthermore, at no time during Dr. Allens treatment of plaintiff did plaintiff mention a work-related back injury.
12. Plaintiff testified at the hearing before the Deputy Commissioner and stated in his recorded statement that he had not suffered problems with his back prior to October 1, 1997 and that he had never been diagnosed with any back problems prior to October 1, 1997. However, the greater weight of the medical evidence indicates otherwise.
13. Furthermore, plaintiff testified at the hearing before the Deputy Commissioner that he was helping lift a fire hydrant when he felt something "pop in his back. Plaintiff also testified at the hearing that he "picked up under a trash pump. However, plaintiff stated in his recorded statement that he was picking up a pipe and bails when he injured himself. Then, plaintiff stated on his Report of Injury that he was picking up a water valve when he injured himself. Finally, plaintiff stated in his responses to interrogatories that he was "lifting heavy equipment.
14. In addition, plaintiff stated in his responses to interrogatories that he left work at lunch following his injury of October 1, 1997. Plaintiff then testified at the hearing that he left work at noon, but later testified that he left work at 5:00 p.m. Significantly, plaintiffs Report of Injury indicates that his injury occurred at 3:30 in the afternoon. Furthermore, plaintiff stated in his responses to interrogatories that he returned to work the next day, felt pain, told Mr. Autry about the pain, and left work due to pain. Finally, plaintiffs time sheet, an employee data calendar, and a labor record indicate that plaintiff actually worked ten and a half hours for the City of Dunn on October 1, 1997, and three and a half hours for FEMA performing Fran clean-up on October 1, 1997, for a total of fourteen hours. However, plaintiff, in fact, did not work at all on October 2, 1997.
15. Next, plaintiff stated in his Report of Injury that his injury occurred at Cole Street and Layton Street. However, the greater weight of the evidence presented at the hearing before the Deputy Commissioner indicates that plaintiff was not at this location on October 1, 1997.
16. Attorney for defendant properly noticed the depositions of Ms. Joyce Valley and Dr. Jennifer Seddon to take place at 1:00 p.m. and 4:00 p.m. on March 10, 1999 in Dunn. Prior to March 10, 1999, attorney for plaintiff did not notify attorney for defendant that attorney for plaintiff was in trial. On the morning of March 10, 1999, plaintiffs attorneys assistant contacted attorney for defendant and stated that plaintiffs attorney was in trial, but would attend the deposition scheduled for 1:00 p.m. Thus, attorney for defendant appeared at the deposition along with the court reporter and witness. Attorney for plaintiff did not attend the 1:00 deposition, or the 4:00 deposition. This conduct was unreasonable and is unexcusable. As a result of plaintiffs attorneys failure to notify defendants attorney of the fact that he was in trial and would be unable to attend the depositions, defendant incurred legal fees in the amount of $475.00, court reporter fees in the amount of $150.00, and travel expenses in the amount of $27.00. The total reasonable legal fees, travel expenses, paralegal fees and court reporter expenses incurred are $700.00.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight that he sustained a compensable injury by accident or sustained a compensable specific traumatic incident to his back on or about October 1, 1997. N.C. Gen. Stat. 97-2(6).
2. Defendant are entitled to recover costs and attorney fees associated with the depositions scheduled on March 10, 1999 in the amount of $700.00. I.C. Rule 802.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission rejects the holding of the Deputy Commissioner and enters the following
 ORDER
1. Plaintiffs claim is and under the law must be DENIED.
2. Plaintiff s attorney is ordered to pay defendants costs and legal fees associated with the March 10, 1997 depositions in the amount of $700.00.
This the ___ day of August 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION:
S/_____________ THOMAS J. BOLCH COMMISSIONER
DCS/bjp/nwg